# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD ROBERSON,** | |
| Plaintiff, | |
| v. | Case No. 24-cv-1751-NJR |
| **ROB JEFFREYS, ANTHONY WILLS, JESSICA HUFFMAN, TREVOR ROWLAND, HEATHER HOOD, ZACKARY CONNOR, QUINTIN BENT, ROBERT HOFFMAN, ETHAN KEMPFER, C/O HALL, C/O FEDERKING, JOHN DOE #1 LIEUTENANT, JOHN DOE #2 SERGEANT, JANE DOE #1, NURSE REVA, and NURSE JULIA,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edward Roberson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. Roberson's Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim, but he was granted leave to file an amended pleading (Doc. 11). In his Amended Complaint (Doc. 18), Roberson again alleges that Defendants violated his rights when he was sexually assaulted at Menard.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

Roberson originally transferred to Menard in September 2018 (Doc. 18, p. 6). He alleges that after receiving his trial transcripts which identified his crimes, correctional staff's demeanor towards him changed and they created tension between him and other inmates, ultimately leading to a fight with his cellmate (*Id*. at p. 7). After the fight he was placed in the segregation unit (*Id*.). On April 3, 2019, Roberson alleges that he was drugged after eating lunch meat and fell unconscious (*Id*.). After regaining consciousness, Roberson came to believe that he had been sexually assaulted (*Id*. at pp. 7-8). He alleges that shortly after gaining consciousness, Correctional Officer Zachary Fenton returned to his cell and deadlocked the door, leading Roberson to believe that the door had been opened and someone entered the cell to assault him while he was unconscious (*Id*. at p. 8). Roberson told Fenton about his suspicions, but Fenton smirked and walked away (*Id*.). Roberson later learned that other prisoners were referring to him as a snitch and homosexual. They also started a rumor that he was transgender (*Id*.). Roberson submitted a grievance that was deemed moot four months later (*Id*. at p. 9). Roberson alleges that this experience led him to believe that staff at Menard had policies and practices at the prison designed to retaliate against any prisoner who filed a grievance or complaint (*Id*.).

On March 3, 2022, Zackary Connor and Correctional Officer Hall served breakfast trays that included a polish sausage, which Roberson believed contained puncture marks from a needle (Doc. 1, p. 10). Upon consuming the sausage, Roberson felt lightheaded and eventually lost consciousness (*Id*.). When Roberson gained consciousness, he believed that he had been sexually assaulted due to having a sore rectum (*Id*.). At some point after gaining consciousness, Roberson saw the two officers and believed that their posture, attitude, and demeanor was taunting and condescending (*Id*.). He alleges that their demeanor gave him courage to report the assault (*Id*.).

On March 9, 2022, Roberson reported the assault to Jane Doe Mental Health Professional during her rounds (Doc. 18, pp. 10-11). Shortly after reporting the assault, Jessica Huffman escorted

Roberson to Mental Health Professional Jane Doe Brenner for an interview (*Id*. at p. 11). During the interview, Huffman and an unknown officer allegedly tried to convince Roberson that he was suffering from hemorrhoids rather than an assault (*Id*.). Nurse Reva also entered the interview room and questioned Roberson about his allegations (*Id*.). Reva asked Roberson if he wanted a rape kit, and he said that he wanted a rape kit conducted at an outside facility (*Id*.).

Roberson was then escorted to the healthcare unit (Doc. 18, p. 11). While waiting, Roberson observed Huffman and Nurse Julia talking (*Id*.). After conversing with Huffman, Nurse Julia spoke to Roberson and tried to convince him that he was actually suffering from hemorrhoids (*Id*.). Roberson was placed in a room to wait for an escort to transport him to the hospital.

After shift change, John Doe #1 Lieutenant and Correctional Officer Federking approached the room. Although they acted as if they were going to transport Roberson, they informed him that he was not going to the hospital (*Id*. at p. 12). Instead, the officers "manhandle[ed]" Roberson to restrictive housing (*Id*.). He was escorted to a secluded area where several officers surrounded him in a threatening manner and then returned him to his cell (*Id*.). Roberson never received a rape kit (*Id*.).

On that same day, Huffman issued Roberson a disciplinary report for impeding an investigation and providing false information to staff (Doc. 18, p. 12). Roberson believes that all retaliatory acts were due to his filing lawsuits and grievances (*Id*. at pp. 12-13).

Roberson alleges that he experienced a similar event on April 28, 2022 (Doc. 18, p. 13). After receiving and consuming a dinner tray from an inmate worker, Roberson lost consciousness (*Id*.). He again noted signs indicating a sexual assault, noting that his rectum was sore (*Id*.). He felt and saw a white substance ooze from his rectum (*Id*.). He also found his cell door ajar (*Id*.). While in his bunk, Roberson witnessed an unknown correctional officer with a worried expression approach his cell. Roberson noted that the officer had sweat pouring from his face and forehead (*Id*. at p. 14). The officer approached Roberson's cell and deadlocked the cell door (*Id*.). Before the officer left, Roberson stopped him and inquired about the whereabouts of Correctional Officer Quintin Bent (*Id*.). The officer

noted that Bent had left the facility (*Id*.). Roberson then reported that he had been sexually assaulted (*Id*.). He asked for a grievance form, a crisis team, and internal affairs (*Id*.).

The officer left and Roberson did not see the officer again. On the following shift, 11:00 p.m. to 7:00 a.m., Roberson spoke to Zackary Connor and again requested internal affairs and a crisis team member (Doc. 18, p. 14). At the next shift, 7:00 a.m. to 3:00 p.m., Roberson made the same request of Ethan Kempfer (*Id*.). None of the officers provided his requested access to a crisis team, internal affairs, or a grievance (*Id*. at p. 15). Roberson believes he was being held hostage as an act of retaliation.

On May 1, 2022, Bent approached Roberson and asked if he wanted a shower (Doc. 18, p. 15). Roberson proceeded to the showers but also informed Bent that he wanted to speak to someone about the April 28 incident (*Id*.). In response, Bent called John Doe #2 Sergeant and falsely informed him that Roberson had taken the shower room hostage (*Id*.). John Doe #2 Sergeant threatened Roberson with pepper spray and a tactical team (*Id*.). Roberson informed the sergeant of the April 28 assault, and the sergeant assured Roberson that he could speak to the proper officials if he returned to his cell (*Id*. at pp. 15-16). Roberson returned to his cell, but the sergeant failed to meet Roberson's demands to speak to someone about the assault (*Id*. at p. 16). He was also denied access to the phone, out of cell time, and communication with staff (*Id*.).

On May 10, 2022, Roberson was able to access a phone and call the PREA hotline (Doc. 18, p. 16). On May 11, 2022, Huffman issued Roberson a disciplinary report for impeding an investigation and providing false information (*Id*.). Roberson submitted a grievance and requested that Huffman take a polygraph test. On July 15, 2022, counselor Heather Hood responded that the polygraph questions had been answered. Roberson believes the counselor sought to taunt Roberson with her response (*Id*.).

Roberson alleges that Connor, Bent, and Kempfer were part of a special task force set up specifically to inflict retaliation upon him (Doc. 18, p. 16). After the assaults, the officers continued to

inflict punishment on Roberson. He alleges that at various points they refused to feed him, turned off his water, and attempted to break his hand (*Id*. at p. 18).

## Preliminary Dismissals

Roberson alleges that Anthony Wills, Rob Jeffreys, and Trevor Rowland violated his Eighth Amendment right to be free from cruel and unusual punishment and violated his equal protection rights under the Fourteenth Amendment in numerous ways. He alleges that they failed to take action against patterns of sexual assault at the prison, that they failed to address issues with supervision of inmates and security, including maintaining locks, and by ignoring other risks at the prison. He also alleges that officials failed to adopt rules that protected sex offenders or individuals targeted by gangs, and failed to take action against harassment and sexual assault against Roberson (Doc. 18, p. 22).

In order to allege a failure to protect claim, a plaintiff must allege that he was exposed to an excessive risk of serious harm, and that the defendants were aware of, and acted with deliberate indifference to, that risk. *LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020); *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). He must allege that the defendants had "actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Gevas*, 798 F.3d at 480. In order to allege an equal protection claim, Roberson must allege that "defendants intentionally treated him differently because of his race…ethnicity, sex, religion, or other prescribed factor." *Lisle v. Welborn*, 933 F.3d 705, 719-20 (7th Cir. 2019).

Roberson only alleges in conclusory fashion that there were policies and practices in place that allowed the assaults to occur. He fails to identify those policies or allege that any of these policies and practices actually led to the sexual assaults at issue in this case. He also fails to allege that he made any of these officials aware of his concerns or security issues prior to the assaults. He fails to include any factual allegations suggesting that the officials were aware of any of the assaults or retaliation against him, and there are no allegations to suggest that they were aware that he was at risk of an

assault. Thus, Roberson fails to allege an Eighth Amendment failure to protect claim against Anthony Wills, Rob Jeffreys, or Trevor Rowland.

Similarly, Roberson alleges only in conclusory fashion that his equal protection rights were violated when the officials failed to take action against harassment, sexual assaults, and the retaliation that Roberson experienced at the prison. In fact, Roberson fails to allege that any of the named defendants failed to protect him from a sexual assault. There are no allegations suggesting that any of the defendants were aware of a specific threat to Roberson's safety or even security issues with his cell. He alleges that Zackary Connor and Quintin Bent failed to follow prison staffing plans and/or left their work post unattended prior to the assaults, but he fails to provide any factual allegations about where the officers were supposed to be during the incidents and where they were at the time of the assaults. Instead, Roberson merely alleges after the April 28 assault he asked where Bent was after the assault (Doc. 18, p. 14). And Roberson merely noted an odd demeanor from Zachary Connor and Officer Hall after the March 3 assault (*Id*. at p. 10). The allegations fail to allege that any defendant was aware of an impending harm and acted with deliberate indifference.

Roberson also fails to allege an excessive force claim against Connor, Bent, and Kempfer. Although he alleges that they participated in a conspiracy to retaliate against him by, among other things, attempting to break his hand on numerous occasions, he fails to provide basic facts about those incidents. He alleges later in his pleading that Connor banged his hand in the food post on August 15, 2022, and that Kempfer used force to try to break his arm on June 16, 2022, but he fails to provide any factual allegations as to the events leading up to those incidents. Without more factual allegations setting forth the who, what, when, where, and how, Roberson fails to state a claim. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

**Discussion**

Based on the allegations in the Amended Complaint, the Court designates the following counts:

**Count 1:** First Amendment retaliation claim against Rob Jeffreys, Anthony Wills, Trevor Rowland, Zackary Connor, Ethan Kempfer, Quintin Bent, Heather Hood, and Jessica Huffman for engaging in a campaign of harassment in response to Roberson's grievances, complaints, and lawsuits.

**Count 2:** Eighth Amendment deliberate indifference claim against John Doe Sergeant, Zackary Connor, Ethan Kempfer, Quintin Bent, Jessica Huffman, Jane Doe #1/Brenner, Nurse Reva, Nurse Julia, John Doe Lieutenant, and Correctional Officer Federking for failing to provide Roberson with care after the assaults.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

**Count 1**

Roberson states a claim against Jessica Huffman for her alleged retaliation after Roberson reported the sexual assaults. Roberson alleges that after reporting the assaults, Huffman initially tried to convince him that he was suffering from hemorrhoids instead of an assault. When Roberson persisted in his complaints and sought medical care, she filed a disciplinary report against him. After Roberson reported the April 28 assault through the PREA hotline, Huffman again issued him a disciplinary ticket. Roberson adequately alleges that Huffman retaliated against him for reporting the sexual assaults. But to the extent Roberson alleges that Huffman's retaliation was in response to

---

[1] This includes any potential claim against Robert Hoffman as Roberson fails to allege any violations by Hoffman. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

grievances and lawsuits filed by Roberson, he fails to state a claim as he fails to provide any facts regarding those grievances and/or lawsuits.

Roberson also alleges a viable retaliation claim against Zackary Connor, Ethan Kempfer, Quintin Bent, and John Doe Sergeant for denying him access to a crisis team, internal affairs, grievances, phone, out of cell time, and all communications after reporting the second assault (Doc. 18, pp. 15-16). But he fails to allege that the defendants retaliated against him by refusing him food and water in response to Roberson filing complaints, grievances, and lawsuits. Roberson fails to allege when he filed those lawsuits or other forms of complaints and whether these officers were aware of those filings. He also fails to provide any factual information about these alleged retaliatory incidents including the locations and times when these actions occurred.

Roberson also fails to allege a retaliation claim against any of the other defendants. To state a First Amendment retaliation claim, a plaintiff must allege that they engaged in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). *See also Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Roberson alleges only in conclusory fashion that Rob Jeffreys, Anthony Wills, and Trevor Rowland violated his First Amendment rights. He fails to include any factual allegations in his statement of claim indicating that these officials were aware of any protected activity that Roberson engaged in or that they participated in any deprivation. Although he alleges that they directed staff to inflict harassment, he fails to allege any facts suggesting that Jeffreys, Wills, or Rowland ordered any harassment or were even aware that Roberson was being harassed by staff. Further, they cannot be liable simply in their roles as supervisors because the doctrine of *respondeat superior* (or supervisor liability) does not apply to Section 1983 claims. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Finally, Roberson only alleges that Hood responded to his grievance and that he believes her response was taunting (Doc. 18, p. 16). But he fails to allege any act of retaliation on Hood's part. The simple denial of a grievance does not state a claim.

Thus, Count 1 shall proceed only against Huffman, Zackary Connor, Ethan Kempfer, Quintin Bent, and John Doe Sergeant

**Count 2**

As to his claims in Count 2, Roberson states a viable claim for deliberate indifference against John Doe Lieutenant and Correctional Officer Federking. Roberson alleges that he asked these officials for a rape kit after his March 3 assault, but John Doe Lieutenant and Federking returned him to his cell rather than transport him to the hospital for testing (Doc. 18, pp. 11-12). Although Roberson also alleges that he spoke with Jane Doe Mental Health Professional Brenner and Nurse Reva, there are no allegations suggesting that they acted with deliberate indifference towards his condition. Roberson alleges that Brenner conducted an interview with him and Nurse Reva offered him a rape kit (*Id*. at p. 11). Roberson also identifies Nurse Julia and Jessica Huffman, noting that they tried to convince him that he had hemorrhoids. Roberson fails to allege that their actions amounted to deliberate indifference as he was taken to the healthcare unit and assessed for a rape kit and transfer after speaking with them (*Id*. at pp. 11-12).

Finally, Roberson adequately alleges that he asked for a crisis team after the April 28 assault and Zackary Connor, Ethan Kempfer, Quintin Bent and John Doe Sergeant refused to provide him with a crisis team and ignored his requests for help. Thus, Count 2 shall proceed against John Doe Lieutenant, Officer Federking, Zackary Connor, Ethan Kempfer, Quintin Bent, and John Doe Sergeant.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Jessica Huffman, Zackary Connor, Ethan Kempfer, Quintin Bent and John Doe Sergeant. Count 2 shall proceed against John Doe Lieutenant, Officer Federking, Zackary Connor, Ethan Kempfer, Quintin Bent, and John Doe Sergeant.

The Court **ADDS** Anthony Wills (in his official capacity only) to respond to discovery aimed at identifying the unknown defendants. All other claims and defendants, including Rob Jeffreys, Trevor Rowland, Heather Hood, Robert Hoffman, Correctional Officer Hall, Jane Doe #1, Nurse Reva, and Nurse Julia are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Jessica Huffman, Officer Federking, Zackary Connor, Ethan Kempfer, Quintin Bent, and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Roberson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Roberson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Roberson's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Roberson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Roberson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 30, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**